## Israel D. Scott et al. v. Trustees of Schools et al.

1. CONSTRUCTION—*Of Formal Statutory Documents—When the Court will Supply Omitted Words.*—Formal statutory documents, prepared without a form for guidance by persons unskilled in technical composition, are seldom found to be models of neatness and accuracy, and in construing such documents, if a legitimate object and sense can be reasonably ascertained from what is expressed, the court will supply its appropriate expression.

2. SCHOOLS—*Petition for the Formation of a New District Held Sufficient.*—A petition was presented to certain trustees of schools as follows: "To the board of trustees of schools of  *  *  * :  We, the undersigned petitioners and legal voters residing within sections  *  *  *  and the territory contained in said four (4) sections be made in a new district No. five (5), T. 16 N., R. 11 W., and that the territory contains more than ten families and is taken part from District No. one (1) and District No. two (2) in said township and range and that there will still remain more than ten families in each of said districts Nos. one (1) and two (2)." *Held,* that the clause " and the territory contained " should be construed as if it were " ask that the territory contained," and that when so read the petition substantially complied with the requirements of the law as to petitions for the formation of new school districts.

3. SAME—*Notice of Petition for the Formation of a New District Sustained.*—A notice of the filing of a petition for the formation of a new school district addressed to the directors of district No. one, was delivered to the president of the board of district No. two and by him filed with the clerk of the board of school trustees of the township, a considerable number, claiming to be a majority of the voters residing in district No. two, filed notice with said clerk of their opposition to the petition, a copy of which was attached to said notice, and appeared before the trustees and opposed the petition, but made no objection to the notice or the service of it.  *Held,* that under the circumstances the notice was sufficient.

**Petition,** for writ of certiorari.  Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1896.  Affirmed.  Opinion filed June 16, 1897.

J. W. SHEPHERD and H. VAN SELLAR, attorneys for appellants.

A. Y. TROGDON, F. W. DUNDAS and JAMES A. EADS, attorneys for appellees.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE
COURT.

Certain residents of the territory comprising sections 13,
14, 23 and 24 in T. 16 N., R. 11, west of the 2d P. M., in
Edgar county, sought to have it made a new district as No.
5, by taking said sections 13 and 14 from district No. 1, and
the others from district No. 2, under section 47 of the
School Act of May 21, 1849 (R. S., Hurd's Ed. of 1895, Ch.
122, Sec. 76). An order to that effect was made by the
trustees, from which an appeal was taken to the county
superintendent, who dismissed it, with a direction to their
clerk to proceed as if it had not been taken. On a petition
for a certiorari presented to a judge in vacation, an order
for the issuance of the writ was indorsed by him, and it
was issued to the board of trustees, their clerk and the
county superintendent, to certify a complete record of their
proceedings in the premises for review by the Circuit Court
at its September term, 1895. By the judgment on the
hearing, the writ was quashed, from which judgment this
appeal was taken.

Only three points are urged for a reversal. First, that
the paper presented to the trustees as a petition for the
new district was not in conformity with the statute, and
was wholly insufficient to warrant the order made thereon
(Sec. 77, Hurd); second, the notice of the making and filing
thereof was not delivered to the president or clerk of the
board of directors of district No. 2, as required by section
79; and third, that the county superintendent did not "inves-
tigate the case upon the appeal" taken to him, as was made
his duty by section 84.

The paper claimed as the petition to the trustees was as
follows: "To the board of trustees of schools of township
sixteen north, range eleven, west of 2d principal meridian
in Edgar county and State of Illinois:

We, the undersigned petitioners and legal voters resident
within sections thirteen, fourteen, twenty-three and twenty-
four, in township sixteen north, range eleven, west of the
the 2d P. M. in said Edgar county and State of Illinois, and

the territory contained in said four sections be made in a new district No. 5, T. 16 N., R. 11 W., and that territory contains more than ten families, and is taken part from district No. 1 and district No. 2 in said township and range, and that there will still remain more than ten families in each of said districts one (1) and two (2)."

To this was appended a list of names of persons, and a certificate of three, subscribed before a justice of the peace, that "two-thirds of the legal voters in above named district have signed this petition according to law."

The statute authorizes the trustees so to change school districts of their townships, when "petitioned" so to do by two-thirds of the legal voters residing in the proposed new district (section 76), and declares that no such change shall be made unless so "petitioned for" (section 77), Parr v. Miller, 146 Ill. 598, and reaffirmed in People ex rel. v. Allen, 155 Ill. 402. A "petition" is thus made requisite, though no particular form is prescribed.

But it is said the paper in question is not a petition, in form or substance; that it in no way appears on its face to ask, request or pray for the formation of a new district, or for anything else, and is a nullity.

Formal statutory documents, prepared without a form for guidance, by persons unskilled in technical composition, are seldom found to be models of neatness and accuracy. This one is so defective that without supplying some omitted expression of what must reasonably be presumed was intended, it would appear to be without any object or sense. If a legitimate object and sense can be reasonably ascertained from what is expressed, the court will supply its appropriate expression.

It is certainly a reasonable presumption that the "undersigned" had in view some object, the accomplishment of which was to be sought and furthered by it. They represent themselves as "petitioners," that is, persons who ask, request or pray for something. That must have been either that some change of an existing condition "be made" or that some apprehended change therein "be not made." What

one hath he doth not hope for, much less pray for. Every condition mentioned in this paper was an existing condition and therefore not to be prayed for, except one; and that one was a school district embracing the four sections mentioned, of which two were part of one and two of another district then existing. That they might " be made in a new district " was a change in the existing condition which was the only natural subject of petition mentioned. By reference to the statute, it is found that the undersigned constituted the requisite proportion of all those who alone were authorized to present such a petition, and that the paper was addressed to those who were alone empowered to grant it. And finally, the record shows it was supported by the undersigned, opposed by others, residing respectively in districts one (1) and two (2), pursuant to notices of opposition filed by each (being the only opponents who appeared), and understood and acted on by the trustees as a petition for the formation of a new district out of the four sections mentioned. From these facts and considerations, we hold it beyond doubt, a petition substantially complying with the requirement of the law. The clause " and the territory contained in said four sections be made," etc., should be construed as if it were "ask that the territory contained," etc. Young v. Harkleroad, 166 Ill. 318.

It appears that notice of the making and filing of said petition, together with a copy of it, according to the form given in the statute (Sec. 79), was made out in duplicate (there being two districts to be notified), one of which was delivered to the proper officer of each of said districts, and by him filed with the clerk of the board of trustees.

The form so given, is: " The directors in district No. —, in township No. —, range No. — of the — principal meridian, will take notice," etc. In those so delivered, these blanks were filled alike, and properly as to all except the first, in both of which that was filled by inserting "one (1)." For that error in the one delivered for district No. two (2), it is claimed that the notice required by the statute was not given to the directors of that district, and therefore the trustees could not act upon the petition.

The record shows that the notice in question was intended for the directors of that district, and was actually delivered in apt time by one of the petitioners to the wife of Sol. King, then the acting president of the board, for him, at his home, and by her to him on the same day; that he filed it with the clerk of the board of trustees; that a considerable number, claimed to be "a majority of the voters residing in each of the districts, filed notice with said clerk of their opposition to the petition, a copy of which was appended to the notice so served on King, and that they appeared before the trustees and made their opposition.    It does not appear that any exception to the notice or to the service of it was then taken or suggested.    We think it was sufficient.

All the papers in the case were delivered to the county superintendent, April 18, 1895, on the appeal taken to him from the order of the trustees, and by him returned to the clerk of that board with his order and direction in the case on May 28th.    The matter was in his hands for more than a month.    There is no evidence that he failed to investigate the case.    His order dismissing the appeal and directing the clerk to proceed as though no appeal had been taken, was substantially an affirmance of the action and order of the trustees.

Finding no material error in the record, the judgment of the court below will be affirmed.